IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **LUIS NAVARRETE, individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b)**<br><br>*Plaintiffs,*<br><br>v.<br><br>**CARMENGIO'S LLC**<br><br>*Defendant.* | Civil No. 19-409 |

# COLLECTIVE ACTION COMPLAINT

Luis Navarrete on behalf of himself and all others similarly situated ("Class Members"), upon personal knowledge as to himself, and upon information and belief as to other matters, files this Fair Labor Standards Act ("FLSA") lawsuit against Carmengio's, LLC ("Carmengio's" or "Defendant").

## I. INTRODUCTION

1. Luis Navarrete brings this collective action pursuant to the FLSA on behalf of himself and all others similarly-situated. *See* 29 U.S.C. § 216(b).

2. In 1938, Congress passed the FLSA in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The purpose of the FLSA is to provide "specific minimum protections to individual workers and to ensure that each employee covered by the Act ... receive[s] '[a] fair day's pay for a fair day's work' and [is] protected from 'the evil of "overwork" as well as "underpay." *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981).

3. Section 206 of the FLSA requires employers to compensate employees at a rate of

1

not less than the minimum wage, which is currently $7.25 per hour. *See* 29 U.S.C. § 206(a). However, for tipped employees, employers may take a "tip credit" against payment of the full minimum wage in an amount up to $5.12 per hour, using a portion of an employee's tips to satisfy the employer's minimum wage obligations to the employee. *See* 29 U.S.C. § 203(m). The use of the tip credit results in a huge savings to employers who, by utilizing the tip credit, are relieved of their obligation to pay the full minimum wage and are able to pay employees as little as $2.13 per hour plus tips.

4. Though, in utilizing the tip credit defense, the FLSA specifically sets forth two conditions that the employer[1] must satisfy: 1) the employer must inform the employee that it will take a tip credit; and 2) the employer must allow its tipped employees to retain all the tips they receive, except those tips included in a lawfully administered tip pool. *Id*. "What the Congress has said, in effect, to restaurant employers is that, if you precisely follow the language of 3(m) . . . you may obtain a . . . credit from the receipt of tips toward your obligation to pay the minimum wage. The corollary seems obvious and unavoidable: if the employer does not follow the command of the statute, he gets no credit." *Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 681 (D. Md. 2012) (quoting, *Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977). "Congress, in crafting the tip credit provision of section 3(m) of the FLSA did not create a middle ground allowing an employer both to take the tip credit and share employees' tips." *Chung v. New Silver Palace Restaurant, Inc.*, 246 F. Supp. 2d 220, 230 (S.D.N.Y. 2002)).

5. Here, Defendant failed to follow federal law and violated Section 203(m) – an

---

[1] *See Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 724 (W.D. Tex. 2010) (quoting *Bernal*, 579 F.Supp.2d at 808) ("[d]efendants, as the employers, bear the burden of proving that they are entitled to taking tip credits."); *Whitehead v. Hidden Tavern Inc.*, 765 F. Supp. 2d 878, 881-82 (W.D. Tex. 2011) (The burden of proof is not upon plaintiffs under the circumstances of establishing a tip credit. Case law illustrates the employer must establish the entitlement to the tip credit after the employee pleads a violation of the tip credit provision.)

affirmative defense – in that Defendants failed to (1) inform Navarrete and Class Members of the tip credit pursuant to 29 U.S.C. § 203(m); and (2) allow Navarrete and Class Members to retain all their tips. For instance, Navarrete and Class Members were paid a sub-minimum wage hourly basis plus tips, which were improperly shared among other employees and managers, who may not lawfully participate in a tip pool. Defendant also subjected Navarrete to other unlawful deductions from their tips, which is also a violation of condition two of the tip credit. Furthermore, Defendant took unlawful deductions from Navarrete and Class Members' tips, which is also a violation of condition two of the tip credit.

6. As a result of Defendant's unlawful conduct, Defendant forfeited its ability to take a "tip credit" – resulting in liability to Navarrete and Class Members for the full minimum wage plus other damages provided for under the FLSA.

7. Because there are other putative plaintiffs who are similarly situated to Navarrete with regard to work performed and Defendant's compensation policies, Navarrete brings this action to recover unpaid wages, liquidated damages, attorneys' fees, and costs on behalf of herself and all others similarly situated. Accordingly, Navarrete on behalf of himself and all others similarly situated bring this collective action to recover unpaid wages under Section 216(b) of the FLSA, as well as all other applicable rules and law.

## II.   PARTIES

8. Plaintiff, Luis Navarrete, is an individual, who was employed by Defendant within the meaning of the FLSA within the three (3) years preceding the filing of this Complaint. Luis Navarrete's FLSA consent is attached as "Exhibit A."

9. Class Members are all of Defendant's current and former servers who worked at Carmengio's at any time during the last three (3) years and were paid a direct cash wage of less

than minimum wage ("Class Members"). Class Members will "opt in" pursuant to Section 16(b) of the FLSA. *See* 29 U.S.C. § 216(b).

10. At all times hereinafter mentioned, Navarrete and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206, 207.

11. Defendant Carmengio's, LLC dba Carmengio's Cucina Italiana is a Texas Limited Liability Company, located within the jurisdiction of this Court. Carmengio's is engaged in operating and managing the restaurant establishment known as Carmengio's Cucina Italiana located in Richmond, Texas. Carmengio's, LLC can be served with process by serving its registered agent, UNITED STATES CORPORATION AGENTS, INC., at 9900 Spectrum Drive, Austin, Texas 78717, or wherever it may be found.

### III. JURISDICTION AND VENUE

12. Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217, and by 28 U.S.C. §§ 1331, 1345.

13. This Court has jurisdiction over the parties because Defendant is located in Texas, doing business in Texas, and employing Texas residents to work at Defendant's Texas business location.

14. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as Defendant, comprising an enterprise under the FLSA, 29 U.S.C. § 203(r), has their principal office and are headquartered in this Judicial District.

### IV. FLSA COVERAGE

15. At all relevant times, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Navarrete and Class Members.

17. At all relevant times, Defendant has been an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendant has been, through unified operation or common control, engaged in the performance of related activities for a common business purpose – namely, operating multiple restaurant locations. Navarrete and Class Members were employed by Defendant to work as servers at Defendant's multiple restaurant locations.

18. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Upon information and belief, Defendant had gross receipts in excess of $500,000 (exclusive of excise tax) in each of the years 2016, 2017, and 2018.

19. At all relevant times, Navarrete and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) of Defendant who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326 - 329 (5th Cir. 1993).

### V.   FACTS

20. The primary function of Defendant is the operation of a restaurant called Carmengio's Cucina Italiana located at 1833 Williams Way Blvd., Suite 2100, Richmond, TX

77469.

21.     Defendant employs individuals on an hourly basis and takes a tip credit against the full minimum wage by paying $2.15 per hour in wages prior to the receipt of earned tips by Navarrete and Class Members.

22.     Defendant employed Navarrete and Class Members within the three (3) year period preceding the filing of this lawsuit and paid them all $2.15 per hour prior to accounting for the receipt of earned tips.

23.     At all times relevant, Navarrete and Class Members were employees as that term is defined by the FLSA and relevant case law. *See e.g.*, *Reich*, 998 F.2d at 327.

24.     Defendant willfully violated and are violating the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay Navarrete and Class Members, for their employment in an enterprise engaged in commerce or the production of goods for commerce, wages at rates not less than the federal minimum wage.

25.     Defendant relies on tips generated from customers to supplement Navarrete and Class Members' wages to bring the effective rate of pay – with tips included – up to the required minimum wage of $7.25 per hour.

26.     However, Defendant required Navarrete and Class Members to participate in a tip pool of which a portion of the pool was distributed to management who may not lawfully participate in a tip pool, violating "condition two" of 29 U.S.C. § 203(m). *See Bernal v. Vankar Enterprises, Inc.*, 579 F. Supp. 2d 804, 808 (W.D. Tex. 2008) (Where management employees participate in a tip pool, the pool is invalid.); *See also,* 29 C.F.R. § 531.35.

27.     Moreover, Defendant required Navarrete and Class Members to participate in a tip pool of which a portion of the pool was distributed to back-of-house employees, such as cooks,

who may not lawfully participate in a tip pool, further violating condition two of 29 U.S.C. § 203(m).

28. Moreover, upon information and belief, Defendant deducted more than the actual percentage of the credit card processing fee from Navarrete and Class Members' tips, thereby, again, violating condition two of 29 U.S.C. § 203(m).

29. Additionally, Defendant required Navarrete and Class Members to pay for their own uniforms. The uniforms that Navarrete and Class Members were required to purchase consisted of a shirt, pants and shoes at a cost of $100.00. Because the cost of these uniforms was passed along to Navarrete and Class Members, Defendant again violated condition two of 29 U.S.C. § 203(m).

30. Because Defendant retained Navarrete and Class Members' tips for Defendant's own purposes by making unlawful deductions (e.g. cost of uniforms and credit processing fees) and including improper participants in the tip pool, Defendant failed to adhere to 29 U.S.C. § 203(m) and has thus violated the minimum wage as cited in 29 U.S.C. § 206.

31. Defendant also did not inform Navarrete and Class Members of the provisions of the tip credit, violating condition one of 29 U.S.C. § 203(m). *See* 29 C.F.R. § 531.59(b).

   a. Defendant did not inform Navarrete and Class Members of the amount of the tips to be credited toward the minimum wage. *See Id.*

   b. Defendant did not inform Navarrete and Class Members that all tips received must be retained by the employee. *See Id.*

   c. Defendant did not inform Navarrete and Class Members that the tip credit shall not apply to any employee who has not been informed by the employer of the provisions for a tip credit. *See Id.*

    d. Defendant did not inform Navarrete and Class Members that the tip credit may only be taken as to the amount of the tips actually received and that the employer may not retain any of the employee's tips. *See Id.*

32. If the employer fails to adhere to the FLSA's very specific requirements, it loses its right avail itself of the tip credit. *See Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1323 (1st Cir. 1992) (stating that if the penalty for failing to adhere to the FLSA's notice provisions of the tip credit seems harsh, "it is also true that notice is not difficult for the employer to provide.") Accordingly, based upon the illegal conduct of Defendant as set forth herein, Defendant is disavowed from using the tip-credit as a defense to the payment of the full minimum wage.

33. Defendant's method of paying Navarrete and Class Members in violation of the FLSA was not based on good-faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is mandatory.

34. Defendant's method of paying Navarrete and Class Members in violation of the FLSA was willful and was not based on good-faith and reasonable belief that its conduct complied with the FLSA. Therefore, a three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

35. During the three-year period prior to this suit, Defendant has employed individuals who performed similar job duties under a similar payment scheme as used to compensate Navarrete.

36. During the three-year period prior to this suit, Defendant has employed individuals who performed similar job duties under a similar payment scheme that was used to compensate Navarrete.

## VI. COLLECTIVE ACTION ALLEGATIONS

37. The foregoing paragraphs are fully incorporated herein.

38. Navarrete – Collective Action Representative – brings this FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action"). In addition to bringing these claims on behalf of himself, Navarrete brings this action as a representative of all similarly-situated former and current servers who worked at Defendant's restaurant. The proposed collective of similarly situated employees ("Class Members") sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as:

> **All of Defendant's current and former servers who worked at Carmengio's at any time during the last three (3) years and were paid a direct cash wage of less than minimum wage ("Class Members").**

39. FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

40. Other employees have been victimized by Defendant's common pattern, practice, and scheme of paying employees in violation of the FLSA. Navarrete is aware of other employees who have worked at one or more of Defendant's restaurant locations who were paid in the same unlawful manner as Navarrete. Navarrete is aware that Defendant's illegal practices or policies have been uniformly imposed on the Class Members.

41. Navarrete and the Class Members have the same pay structure, have the same job duties, and were also required to pay for a linen fee. Navarrete and Class Members are all victims of Defendant's unlawful compensation scheme.

42. Navarrete and the Class Members are all non-exempt for purposes of minimum wage payments under the FLSA.

43. Defendant's failure to pay minimum wage pursuant to the FLSA results from

9

generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Navarrete's experience in regard to pay is typical of the experiences of the Class Members.

44.     Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Class Members' claims arise from a common nucleus of facts. Specifically, Defendant's systematic course of illegal conduct in violation of the FLSA's minimum wage requirements caused harm to Navarrete and Class Members.

### VII.    CAUSE OF ACTION – FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

45.     The foregoing paragraphs are fully incorporated herein.

46.     During the relevant period, Defendant has violated and is violating the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing Navarrete and Class Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, and failing to pay such employees at the minimum wage rate.

47.     Defendant pays Navarrete and Class Members less than the federally mandated minimum wage of $7.25 per hour. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendant, Navarrete, or Class Members.

48.     Defendants' failure to pay Navarrete and Class Members at the minimum wage rate is a violation of the FLSA's minimum wage requirement. *See* 26 U.S.C. § 206.

49.     Defendants cannot use Section 203(m) as an affirmative defense to the payment of minimum wage because Defendant's practice of requiring Navarrete and Class Members to retain all of their tips disavows the use of the tip credit as cited in 29 U.S.C. § 203(m). Also, Defendant

cannot rely on Section 203(m) because Defendant did not give Navarrete and Class Members notice of their intent to pay Navarrete and Class Members in accordance with the tip credit provisions specified in Section 203(m) and Section 531.59 of the Code of Federal Regulations.

### VIII. DAMAGES SOUGHT

50. The foregoing paragraphs are fully incorporated herein.

51. Navarrete and Class Members are entitled to recover compensation for the hours worked for which Navarrete and Class Members were not paid at the federally mandated minimum wage rate.

52. Navarrete and Class Members are entitled to all of the misappropriated funds, including remittance of the full amount of the tips Defendants received from customers, which were for the benefit of Navarrete and Class Members.

53. Navarrete and Class Members are entitled to reimbursement of funds that were unlawfully deducted from their tips.

54. Navarrete and Class Members are also entitled to an amount equal to all of the unpaid wages (including all misappropriated tips and illegal deductions) as liquidated damages as Defendant's actions were not based upon good-faith. *See* 29 U.S.C. § 216(b).

55. Navarrete and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

### IX. JURY DEMAND

56. Navarrete requests trial by jury.

## X. PRAYER

Navarrete prays that this Court enter judgment against Defendant and in favor of Navarrete and Class Members as follows:

a. For an order pursuant to section 216 of the FLSA finding Defendant liable for unpaid minimum wages due to Navarrete (and those who may join in the suit), and for liquidated damages equal in amount to the unpaid minimum wages due to Navarrete (and those who may join in the suit);

b. In the event liquidated damages are not awarded, for an order awarding Navarrete (and those who may join in the suit) an amount of pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

c. For an order awarding Navarrete (and those who may join in the suit) attorneys' fees;

d. For an order awarding Navarrete (and those who may join in the suit) the costs of this action; and

e. For an order granting such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
SDTX Federal ID No. 3050726
*drew@herrmannlaw.com*
**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, Texas 76102
(817) 479-9229 – telephone
(817) 260-0801 – fax

ATTORNEY FOR LUIS NAVARRETE
AND CLASS MEMBERS