# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **LUIS NAVARRETE, individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b)**<br><br>*Plaintiff,*<br><br>v.<br><br>**CARMENGIO'S, LLC**<br><br>*Defendant.* | No. 4:19-cv-00409 |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

### TABLE OF CONTENTS

I. BACKGROUND ............................................................................................................ 1

II. PROCEDURAL HISTORY ........................................................................................... 2

III. ARGUMENTS AND AUTHORITIES ......................................................................... 4

    A. LEGAL STANDARD ............................................................................................... 4

    B. DEFENDANT'S LIABILITY IS ESTABLISHED UNDER THE FLSA ......................... 4

        1. DEFENDANT IS PLAINTIFF'S EMPLOYER AND IS AN ENTERPRISE ENGAGED IN COMMERCE ............................................................................................... 5

        2. DEFENDANT FAILED TO PAY PLAINTIFF AT LEAST MINIMUM WAGE ........ 6

    C. PLAINTIFF'S DAMAGES CAN BE CALCULATED AS A MATTER OF JUST AND REASONABLE INFERENCE ................................................................................. 8

    D. PLAINTIFF'S ATTORNEYS' FEES AND COSTS .................................................. 10

        1. LEGAL STANDARD FOR CALCULATION OF ATTORNEYS' FEES ............... 11

            a. HOURS EXPENDED REPRESENTING PLAINTIFF ARE REASONABLE .... 12

            b. THE HOURLY RATES REQUESTED ARE REASONABLE ...................... 13

        2. PLAINTIFF'S COSTS INCURRED ARE REASONABLE .............................. 15

        3. REQUEST FOR POST-JUDGMENT INTEREST .......................................... 16

IV. CONCLUSION............................................................................................................ 16

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **LUIS NAVARRETE, individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b)**<br><br>*Plaintiff,*<br><br>v.<br><br>**CARMENGIO'S, LLC**<br><br>*Defendant.* | No. 4:19-cv-00409 |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Pursuant to the Court's Order entering a default judgment against Carmengio'S, LLC ("Defendant") [Dkt 27], Luis Navarrete ("Plaintiff") files this Motion for Default Judgment asking this Court to enter a Final Judgment as follows:

### I.   BACKGROUND

On September 4, 2019, this case was reassigned to the Honorable George C. Hanks, Jr. [Dkt 29]. Prior to the case being reassigned to the Honorable George C. Hanks, Jr., Judge Gilmore granted Plaintiff's request for a post-answer default judgment [Dkt 27] against Defendant as a result of Defendant's repeated failure to participate in this action. *See* [Dkts 22, 23, 26, and 27]. Pursuant to the Court's August 27, 2019 Order entering default judgment, Plaintiff had fourteen (14) days to file a motion for default judgment. [Dkt 27]. This Motion for Default Judgment is timely-filed pursuant to the Court's Order.

1

## II.  PROCEDURAL HISTORY

On February 6, 2019, Plaintiff filed a Complaint for unpaid minimum wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(B) (the "FLSA"). *See* [Dkt. 1] (Pl's Compl). Thereafter, on March 4, 2019, Defendant appeared in this action by filing an Answer. [Dkt 6].

On May 28, 2019, Plaintiff filed a motion for conditional certification of an FLSA collective action. [Dkt 13] Thereafter, on June 6, 2019, the Court granted Plaintiff's Motion for Conditional Certification. [Dkt 16]. As part of the Court's Order, the Court ordered Defendant to:

> "provide to Class Counsel in Excel (.xlsx) format the following information for each putative class member: full name; last known mailing address(es) with city, state, and Zip code; all known email address(es); beginning date(s) of employment; ending date(s) of employment (if applicable); and telephone number(s)."

*Id*. at pg. 2.  Defendant was ordered to produce the information within ten (10) days of the Court's Order or by June 16, 2019. *Id.* After Defendant's deadline to produce the putative class information had passed, on June 18, 2019, Defendant filed an unopposed motion requesting the Court to extend the deadline for Defendant to produce the putative class information. [Dkt 18] The Court granted Defendant's unopposed motion and gave Defendant "through and including June 23rd, 2019" to produce the putative class information. [Dkt 19]

After the June 23, 2019 deadline expired for Defendant to produce the putative class information, Plaintiff's Counsel attempted to resolve this matter with Defendant's counsel of record, Mr. H. Julian Frachtman. Mr. Frachtman advised Plaintiff's Counsel that he

2

planned to withdraw from the case due to communication issues with Defendant. Mr. Fratchman filed an unopposed Motion to Withdraw as counsel for Defendant on June 26, 2019. [Dkt 20]. On July 9, 2019, the Court ordered Defendant to retain substitute counsel and have such counsel file a Notice of Appearance with the Court within ten (10) days from the date of the Order [Dkt 22]. Therefore, Defendant had until July 19, 2019 to retain substitute counsel and file a Notice of Appearance with the Court. The Court advised Defendant that failure to timely comply with the Order to retain substitute counsel and file a Notice of Appearance with the Court would allow Plaintiff to apply for judgement by default [Dkt 22]. Defendant did not and has not retained substitute counsel.

Furthermore, Defendant has been ordered by this Court, on three (3) separate occasions, to produce the putative class information. *See* [Dkts 16, 23, and 26]. As of the time of filing this Motion, Defendant has not complied in any way with the Court's Order to produce the putative class information [Dkts. 16, 23, and 26], nor with the Court's Order to retain substitute counsel [Dkt. 22].

Despite the Court warning Defendant that the failure to comply with the Court's Orders would result in a default judgment, Defendant refused to comply. *See* [Dkt 22] ("If Defendant Carmengio's LLC, fails to comply with this Order, counsel representing parties seeking recovery against Defendant may apply for judgment by default."). Defendant refused to comply with the Court's orders to retain substitute counsel or to produce the putative class information, and therefore, on July 23, 2019, Plaintiff filed a Request for Entry of Default Judgment [Dkt 24].

3

On August 27, 2019, the Court granted Plaintiff's request for entry of default judgment and ordered Plaintiff to file a motion for default judgment within fourteen (14) days. [Dkt 27]. Accordingly, Plaintiff now files this Motion and requests the Court to enter a Final Judgment in his favor and against Defendant in the amount of $22,985.46, which includes $2,186.73 in unpaid wages, plus $2,186.73 as liquidated damages, plus $18,117.00 as attorneys' fees, plus $495.00 as costs with post-judgment interest to accrue at the current judgment rate.

### III.   ARGUMENTS AND AUTHORITIES

**A.   Legal Standard**

A defaulting defendant, "by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). Federal Rule of Civil Procedure 55(b)(2)(B) gives a court discretion to convene an evidentiary hearing on the issue of damages. Fed. R. Civ. P. 55(b)(2)(B). However, it is not necessary to hold an evidentiary hearing to determine damages in a default situation. *See, e.g., Leedo Cabinetry v. James Sales & Distrib., Inc.,* 157 F.3d 410, 414 (5th Cir. 1998). Accordingly, because Plaintiff's Complaint clearly states a claim under the FLSA, and the well-pled allegations of the Complaint are admitted, Plaintiff has established his entitlement to default judgment.

**B.   Defendant's liability is established under the FLSA.**

The Fifth Circuit Pattern Jury Instructions state that for a plaintiff to prevail on a claim under the FLSA, the plaintiff must prove: (1) an employment relationship with

4

defendant; (2) that plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of good for commerce; and (3) a violation of the FLSA. *See Fifth Circuit Pattern Jury Instructions – Civil Cases 11.24 (A)(1) (2004) (with revisions through October 2016)*. Plaintiff's Complaint (Dkt. 1) contains all of the allegations required to state a claim for liability and entitlement to damages under the FLSA.

### 1. Defendant is Plaintiff's employer and is an enterprise engaged in commerce.

The FLSA defines the term "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). In order for the FLSA to apply in a given situation, plaintiffs must establish that defendant-employers meet certain threshold requirements in order to be covered by the FLSA. *See* 29 U.S.C. § 206(a). The FLSA guarantees the payment of minimum wage to employees engaged "in the production of goods for commerce" ("individual coverage") *or* "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage"). *See* 29 U.S.C. § 206(a).[1]

In the instant case, Plaintiff alleges that he was employed by Defendant during the relevant time period. [Dkt. 1] (Compl) at ¶¶ 8, 10, 15, 16, 17, 22, 23 (e.g. at ¶ 8, Plaintiff "was employed by Defendant within the meaning of the FLSA within the three (3) years

---

[1] 29 U.S.C. § 206(a) reads:

> "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates . . . ."

5

preceding the filing of this Complaint.") Plaintiff also establishes that Defendant is an employer and an enterprise covered by the FLSA, as defined by 29 U.S.C. §203(r) and 203(s). [Dkt. 1] at ¶¶ 17-19. Specifically, an employer is an enterprise covered by the FLSA "if it 1) 'has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and 2) has at least $500,000 of annual gross volume of sales made or business done.'" *Polycarpe v. E&S Landscaping Service, Inc.,* 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C. § 203(s)(l)(A)). Plaintiff alleges that Defendant has employees engaged in commerce[2] and has at least $500,000 of annual gross sales.[3]

Plaintiff has pleaded facts that support Defendant's status as an employer under the enterprise definition of the FLSA. In default judgments, all well-pleaded facts are to be taken in the favor of the moving party, and thus enterprise coverage is established in the pleadings. *See Houston Nat'l Bank,* 515 F.2d at 1206.

**2. Defendant failed to pay Plaintiff at least minimum wage.**

The FLSA requires employers to pay their employees at least the federal minimum wage for every hour worked, which is currently $7.25. *See* 29 U.S.C. §§ 206, 218(a). Plaintiff was not paid the federal minimum wage of $7.25 per hour as required by the FLSA. [Dkt. 1] at ¶¶ 21-22, 24, and 46-48. Defendant paid Plaintiff a direct hourly wage of $2.15 per hour plus tips. [Dkt. 1] at ¶¶ 21-22.

---

[2] *See* [Dkt. 1] at ¶¶ 18, 19
[3] *See* [Dkt. 1] at ¶ 18

6

Section 206 of the FLSA requires employers to pay employees minimum wage of $7.25 per hour. *See* 29 U.S.C. §§ 206, 218(a). However, under limited circumstances, an employer may pay "tipped employees" a subminimum hourly rate by taking a credit against the minimum wage and utilizing a portion of the employee's tips to bring the employee up to the required minimum wage of $7.25 per hour. *See* 29 U.S.C. § 203(m); *see also Bernal v. Vankar Enters.*, 579 F. Supp. 2d 804, 807 (W.D. Tex. 2008). "The employer carries the burden to prove its entitlement to the tip credit." *Steele v. Leasing Enters.*, 826 F.3d 237, 242 (5th Cir. 2016) (*citing Montano v. Montrose Rest. Assocs.*, 800 F.3d 186, 189 (5th Cir. 2015)). Section 3(m) therefore allows an employer to reduce a tipped employee's wage below the statutory minimum by an amount to be made up in tips, but only if the employer can prove that the employer 1) informed the tipped employee that their wage is being decreased under section 3(m)'s tip-credit provision; <u>and</u> 2) allowed the tipped employee to retain all of their tips with the exception of a lawful tip pooling arrangement between employees who customarily and regularly receive tips. *See* 29 U.S.C. § 203(m); *see also Steele*, 826 F.3d at 242.

Here, Plaintiff has pled facts that Defendant did not adhere to either of the requirements of the Section 203(m) affirmative defense. [Dkt. 1] at ¶¶ 5-6, 25-32, and 49. First, Plaintiff alleges that Defendant failed to inform Plaintiff of the requirements of Section 203(m). [Dkt. 1] at ¶¶ 5, 31-32, and 49. Second, Plaintiff also alleges that Defendant failed to allow Plaintiff to retain all of his tips. [Dkt. 1] at ¶¶ 5, 26-30, and 49.

Plaintiff's Complaint also seeks relief for the damages incurred and demands judgment against Defendant. [Dkt. 1] at ¶¶ 51-55 and p. 12 Section X "Prayer." As such,

7

Plaintiff's Complaint states a claim for relief under the FLSA.

## C. Plaintiff's damages can be calculated as a matter of just and reasonable inference.

A trial court has discretion in determining the most appropriate method of determining the amount of damages for a default judgment. Fed. R. Civ. P. 55(b)(2). It is not necessary to hold an evidentiary hearing to determine damages in a default situation. *See, e.g., Leedo Cabinetry,* 157 F.3d at 414. The use of affidavit to prove damages is widely accepted method for awarding damages in a default judgment. *Chemtall, Inc. v. Citi-Chem, Inc.,* 992 F. supp. 1390, 1412 (S.D. GA. 1998). The District Court's ruling on damages in a default situation without an evidentiary hearing is reviewed only for abuse of discretion. *Leedo Cabinetry,* 157 F3d. at 414.

Here, Plaintiff has sufficiently articulated the damages to which he is entitled. Specifically, Plaintiff files herewith a declaration in support of his Motion for Entry of Default Final Judgment containing approximations of his damages under the FLSA. (*See* Exhibit A (Declaration of Navarrete)). In the absence of records from a defendant, a plaintiff's approximation of hours is sufficient to establish damages. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *Reich v. Southern New England Telecom. Corp.*, 121 F.3d 58 (2d Cir. 1997). The FLSA provides that "[a]ny employer who violates section 3(m)(2)(B) [29 USCS § 203(m)(2)(B)] shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." *See* 29 U.S.C. § 216(b); *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464,

8

468 (5th Cir. 1979) (entitled to difference of tipped hourly rate and full minimum wage for every hour worked) (citing *Richard v. Marriott Corp.*, 549 F.2d 303, 306 (4th Cir. 1977)).

Here, Plaintiff's declaration stating the hours he worked, which are based upon the paystubs he received from Defendant are the best evidence of hours worked and amounts paid and should be credited to establish damages. Based upon the records produced by Defendant, Plaintiff worked a total of 428.77 hours as a waitperson working for Defendant but was only paid $2.15 per hour in direct hourly wages. *See* Exhibit A (Declaration of Navarrete) at ¶ 7. For each of these hours, Plaintiff is owed an additional $5.10 per hour to make up the difference between the full minimum wage (i.e. $7.25) and the hourly wage that Defendant paid him (i.e. $2.15). *Id.* at ¶ 8. Therefore, Plaintiff is owed $2,186.73, which is the product of the tip credit of $5.10 multiplied by the 428.77 hours Plaintiff worked while being paid $2.15 per hour. *Id.*

In addition, an employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA "faces a 'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA." *Singer v. City of Waco*, 324 F.3d 813, 823 (5th Cir. 2003) (citing *Bernard v. Ibp, Inc.*, 154 F.3d 259, 267 (5th Cir. 1998)) (quoting *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990)). Where a defendant has defaulted this Court has held that the defendant's burden to prove good faith "is necessarily unmet, as the defendants have defaulted." *Picasso v. Halal Beasley Ranch, LLC*, No. 3:18-CV-53, 2019 U.S. Dist. LEXIS 146715, at *2 (S.D. Tex. 2019)

9

In this case, by way of its default, Defendant failed to meet its burden to oppose the imposition of liquidated damages, and therefore liquidated damages in an amount equal to unpaid wages must be awarded. *Parrish v. Premier Directional Drilling, L.P.*, 280 F. Supp. 3d 954, 973 (W.D. Tex. 2017) (citing, *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707 (1945)); s*ee also,* 29 C.F.R. § 790.22.

Plaintiff respectfully requests entry of a Judgment in his favor and against Defendant in the amount of $2,186.73 in unpaid wages, plus an equal amount of $2,186.73 as liquidated damages, plus an amount for attorneys' fees and costs as discussed below. *See* Exhibit A (Declaration of Navarrete) at ¶¶ 8, 9.

## D.     Plaintiff's Attorneys' Fees and Costs[4]

The FLSA provides that "[t]he Court . . . shall, in addition to any judgment awarded to the plaintiff . . . , allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 167 (1989). An award of attorney's fees and costs to a prevailing plaintiff is mandatory. *Tyler v. Union Oil Co.,* 304 F.3d 379, 404 (5th Cir. 2002); *see also, Black v. Settlepou, P.C.,* 732 F.3d 492, 502 (5th Cir. 2013) ("Under the FLSA, an employer who violates the statute is also required to pay attorney's fees.").

---

[4] The total amount of requested attorneys' fees and costs includes the time spent in connection with enforcing the Court's order for Defendant to produce the putative class information. *See* [Dkt 26] ("Plaintiff shall have fourteen (14) days from the date of this order [granting Plaintiff's Second Motion to Enforce] to submit a motion in support of the amount of reasonable attorneys' fees and costs incurred by Plaintiff.")

## 1. Legal Standard for Calculation of Attorneys' Fees

Under the lodestar method, which is applies in FLSA cases, a court first determines the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995). Then the Court determines the lodestar by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate. *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). There is a strong presumption of the reasonableness of the lodestar amount. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006)

After calculating the lodestar, a district court may then enhance or decrease the amount of attorney's fees based upon the Court's analysis of the twelve *Johnson* factors. *Johnson v. Georgia Highway Exp., Inc.,* 488 F.2d 714, 717-719 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87 (1989). The 12 *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* As succinctly stated by the Fifth Circuit, "the most critical factor in determining an attorney's fee award is the degree of success obtained." *Black,* 732 F.3d at 503.

Based on the lodestar analysis, Plaintiff seeks recovery of attorneys' fees in the amount of $18,117.00. (Exhibit B (Herrmann Decl.)) The attorneys' fees sought by Plaintiff is supported by: (a) an analysis of the reasonable hours spent working this case; and (b) the reasonable hourly rates of the attorney performing work on this case. The amount of time and hourly rates sought are discussed below and are supported by the declaration from Drew N. Herrmann as well as contemporaneous time records. (Exhibit B (Herrmann Decl.); Exhibit B-1 (Time and Fee Details)).

### a. Hours Expended Representing Plaintiff are Reasonable.

Plaintiff seeks an award of attorneys' fees based on 55.0 hours of work that Plaintiff's counsel spent working on this case. (Exhibit B (Herrmann Decl.) at ¶ 13). It is the regular and customary practice for Plaintiff's counsel to keep and record, in real-time, the time and costs incurred in representing its clients, which is what was done in this case and reflected in Exhibit B-1. (Id. at ¶ 10). Plaintiff seeks recovery of time spent working on this matter by two attorneys – Drew N. Herrmann and Pamela G. Herrmann). Plaintiff has completely written-off all of the time (9.5 hours) billed by Megan Weiershausen, a law student, and all of the time (2.5 hours) billed by Patricia A. Brown, a legal assistant, who worked on this case. (Id. at ¶ 11).

Plaintiff also agrees to reduce the time spent by Drew N. Herrmann by ten percent (10%). (Id. at ¶ 12). To further reflect billing judgment, Plaintiff reduces the time spent by Pamela G. Herrmann by twenty five percent (25%) whose time was primarily spent working on the motion for conditional certification. (Exhibit B-1) While the Court ultimately granted the motion for conditional certification in its entirety, notice was never

sent to the putative class because Defendant refused to produce the putative class information, which led to the Court entering a default against Defendant. Plaintiff requests the Court to allow recovery of the following Adjusted Time in connection with this matter:

| Name | Title | Time Incurred | Write-Off | Adjusted Time |
|---|---|---|---|---|
| Drew N. Herrmann | Attorney | 38.2 | - 3.8[5] | 34.4 |
| Pamela G. Herrmann | Attorney | 27.5 | - 6.9[6] | 20.6 |
| Patricia A. Brown | Legal Assistant | 2.5 | - 2.5 | 0.0 |
| Megan Weiershausen | 1L Law Clerk | 9.5 | - 9.5 | 0.0 |
| | Totals | 77.7 | - 22.7[7] | 55.0 |

The time sought by Plaintiff's counsel is reasonable in light of the work done in the case including: a) researching case, gathering evidence, and preparing a detailed Complaint; and b) reviewing Defendant's document production; c) creating damages model; d) attempting conciliation, including formal correspondence e) drafting a motion for conditional certification, including two (2) motions to enforce the Court's order granting conditional certification; and f) drafting this motion for default and compiling supporting evidence to obtain a default. (Id. at App. 3, ¶ 14).

   **b. The Hourly Rates Requested are Reasonable**

Drew N. Herrmann primarily handled this case and his reasonable hourly rate for this case is $350 per hour. (Id. at ¶ 6). Pamela G. Herrmann, attorney, also participated in

---

[5] Reflects a 10% reduction
[6] Reflects a 25% reduction
[7] Almost a 30% reduction of the total time incurred

13

assisting in the prosecution of this case and her reasonable hourly rate for this case is $295 per hour. (Id. at ¶ 7). Federal courts in Texas have supported reasonable rates in line with those that Plaintiff's Counsel requests here. *See, e.g., Jane Roe/Rachel V. Rose v. BCE Technology Corp.*, No. 4:12-CV-1621, 2014 U.S. Dist. LEXIS 44695, at *3 (S.D. Tex. Mar. 28, 2014) ("Courts in and around Houston have found hourly rates between $200 and $600 to be reasonable after considering the experience of the lawyer, the reputation of the firm, and the complexity of the case."); *Rouse v. Target Corp.*, 181 F. Supp. 3d 379, 385 (S.D. Tex. 2016) ("the Court finds that $300 per hour is a reasonable hourly rate for an [associate] attorney [with three (3) years' experience] in the Southern District."); *City of San Antonio* v. *Hotels,com, L.P.,* No. 6-381, 2017 WL 1382553, at *11 (W.D. Tex. Apr. 17, 2017) (awarding fees to attorneys with five to nine years' experience $350 hourly in a class action under the Texas Tax Code).

In addition, Plaintiff agreed to completely write-off the time of Patricia A. Brown, legal assistant, and Megan Weiershausen, law clerk, who worked on this matter and bill their time at $125 per hour. (Exhibit B (Herrmann Decl.) at ¶¶ 8, 9). *League of United Latin American Citizens v. Roscoe Independent School Dist.*, 119 F.3d 1228, 1235 (5th Cir. 1997); *see also Firth v. Don McGill of West* [*391] Houston, Ltd., No. Civ.A. H-04-0659, 2006 U.S. Dist. LEXIS 18807, 2006 WL 846377, at *6 (S.D. Tex. March 28, 2006) ($95 to $125 per hour fees for paralegal). Similar rates have been upheld for students performing work as law clerks. [**20] *See, e.g., Landmark American Ins. Co. v. Ray*, No. SA-05-CA-0005-RF, 2006 U.S. Dist. LEXIS 95517, 2006 WL 4092436, at *3 (W.D. Tex. Dec.21, 2006)($100 per hour for law clerk); *Purdie v. Ace Cash Express, Inc.*, No. Civ. A.

14

301CV1754L, 2003 U.S. Dist. LEXIS 22547, 2003 WL 22976611, at *9 (N.D. Tex. Dec.11, 2003) (approving $75 to $125 per hour for clerks and paralegals).

The rates requested are reasonable and in line with the rates charged in Texas. (Exhibit B (Herrmann Decl.) at ¶¶ 6-9). Plaintiff seeks an award of attorneys' fees as follows:

| Name | Title | Rate | Adjusted Time | Amount |
|---|---|---|---|---|
| Drew N. Herrmann | Attorney | $350 | 34.4 | $12,040.00 |
| Pamela G. Herrmann | Attorney | $295 | 20.6 | $6,077.00 |
| Patricia A. Brown | Legal Assistant | $125 | 0.0 | $0.00 |
| Megan Weiershausen | 1L Law Clerk | $125 | 0.0 | $0.00 |
|  | Totals |  | 55.0 | $18,117.00 |

In sum, based on the lodestar analysis, an attorneys' fees award in this case in the amount of $18,117.00 is reasonable. (Id. at ¶¶ 16, 17).

### 2. Plaintiff's Costs Incurred are Reasonable

The Federal Rules of Civil Procedure provide for an award of costs "to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Furthermore, the FLSA allows for the recovery of costs. *See* 29 U.S.C. § 216(b). Plaintiff seeks an award of costs incurred in this action in the amount of $495.00, which includes a $400.00 filing fee and $95.00 for service of process fees. (Exhibit A (Herrmann Decl.) at ¶ 18).

15

### 3. Request for Post-Judgement Interest

In FLSA cases, plaintiffs are entitled to post-judgment interest at the prevailing rate. 28 U.S.C. § 1961(a) ("[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."). *See also Reeves v. Int'l Tel. & Tel. Corp.,* 705 F.2d 750, 751-52 (5th Cir. 1983) (FLSA case awarding post-judgment interest). Therefore, Plaintiff requests that the Court award Plaintiff post-judgment interest to accrue until the Judgment is paid in full.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff applies for a default judgment and respectfully asks this Court to enter a Final Judgment in favor of Plaintiff and against Defendant in the amount of $22,985.46, which includes $2,186.73 in unpaid wages, plus $2,186.73 as liquidated damages, plus $18,117.00 as attorneys' fees, $495.00 as costs with post-judgment interest to accrue at the current judgment rate.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
Drew N. Herrmann
SDTX Federal ID No. 30507263
Texas Bar No. 24086523
*drew@herrmannlaw.com*

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, TX 76102
(817) 479-9229 – telephone
(817) 887-1878 – fax
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I certify that on September 9, 2019 a true and correct copy of the above document will be served on Defendant's counsel of record via CM/ECF.

                                  */s/ Drew N. Herrmann*
                                  Drew N. Herrmann